## SUPREME COURT.

WILLIAM G. SHUFELT agt. GEORGE H. POWER and others.

In an action brought by an assignee, on contract, for the recovery of a *joint de-mand* against three defendants, two only of whom answered,—*Held*, that the two defendants who had answered, were entitled to a *commission* to examine the other co-defendant as a *witness* for them.

*It seems*, that the rule and practice which have always prevailed in granting commissions for the examination of a material *witness*, should still prevail, even where the witness to be examined is a *party* to the action, unless it is made to appear that the examination cannot be received as evidence upon the trial.

Where a party swears, upon the advice of counsel, that another party, who is absent from the state, is a material witness, he should be regarded as having made a *prima facie* case for a commission.

*Albany Special Term, Sept.*, 1854.—Motion for commission. · The defendants, George H. Power and Hugh McClellan, who alone had answered the complaint, moved, upon an affidavit stating, in the usual form, that Thomas H. Gantley, their co-defendant, is a material witness for the defence, and that he resides at Adrian, in the state of Michigan, for a commission to take his testimony. · It appeared, from the affidavits read · upon the motion, that the action is brought to recover a balance alleged to be due from the defendants to one Shultz, upon the sale of a quantity of hay, and that the plaintiff sues as the assignee of the demand. The motion was opposed, on the ground that, the action being brought for the recovery of a joint demand against the defendants, the two defendants on whose behalf the motion is made, are not entitled to examine their co-defendant as a witness.

JOHN GAUL, jr., *for plaintiff*.
D. S. COWLES, *for defendants*.

HARRIS, Justice. The defendants, Power and McClellan, allege that their co-defendant, Gantley, is a material witness

for them upon the trial of this action, and ask for a commission to take his testimony. The plaintiff insists, that the action being founded upon a joint contract of all the defendants, Gantley cannot be a material witness for his co-defendants, and therefore the motion should not be granted. But I think it quite possible, that in such an action one defendant may be a competent as well as a material witness for his co-defendants. The 397th section of the Code authorizes a defendant to examine his co-defendant as a witness as to any matter in which he is not jointly interested or liable with the party calling him, and as to which a separate verdict or judgment can be rendered. In this case, the action is brought upon certain receipts for grain, upon which, it is alleged, all the defendants are liable. But suppose the fact to be, that the receipts were signed by the defendant, Gantley, under such circumstances as to make him liable, and not his co-defendants; what objection could there be to his competency as a witness to prove this fact? That he was liable, and his co-defendants were not liable, must certainly be a matter " in which he is not jointly interested" with them. Nor do I see why a separate verdict or judgment could not be rendered against him in such a case. The common law rule, that in an action upon contract against several, the judgment must be against all or none, is no longer in force. Judgment may now be rendered, even in an action upon contract, against as many defendants as are proved to be liable, and in favor of any other defendants who are not proved to be liable. It may well be, that the defendant, Gantley, is liable upon the contract upon which this action is founded, and that the other defendants are not liable. Upon such a question, he has no interest in common with his co-defendants. He is a competent witness, on their behalf, to establish such a defence.

There is yet another ground, upon which Gantley may become a competent witness. The plaintiff sues as the assignee of the contract upon which the action is founded. His assignor is a competent witness. If the plaintiff should examine him upon the trial, then all the defendants would be competent witnesses for themselves, as to any matters in respect to which he

may testify.    This right, so far as Gantley is concerned, might be lost to the defendants, if they were not permitted to take his examination upon commission.

It has always been regarded as very much a matter of course, to allow a commission to issue, when a party shows that he has a material witness not within the reach of subpœna, unless it is made to appear that the application is not made in good faith. I think the same rule should still prevail, even where the witness to be examined is a party to the action, unless it is made to appear that the examination cannot be received as evidence upon the trial.    Where a party swears, upon the advice of counsel, that another party, who is absent from the State, is a material witness, he should be regarded as having made a *prima facie* case for a commission.    This motion should therefore be granted, with costs to the prevailing party in the action.