## SUPERIOR COURT.

### WILLIAM J. BURLING agt. DAVID S. OGDEN.

On an *analysis* of § 399 of the Code, as amended on the 13th of April, 1857, it will stand about in this shape:

1. A party to an action or proceeding, and a party for whose immediate benefit a suit is prosecuted or defended, may be examined as a witness in his own behalf, the same as any other witness, in all cases except,

When the adverse party, or adverse person in interest, is not living; or, when the opposite party is an assignee, administrator, executor, or legal representative of a deceased person.

2. Ten days' notice, in writing, of such intended examination must be given to the adverse party, specifying the points upon which the party or person is intended to be examined.

But in special proceedings, of a summary nature, such reasonable notice shall be given as shall be prescribed by the court or judge

3. When notice of such examination is given, and the opposite party resides out of the jurisdiction of the court, such party may be examined by commission issued and executed as now provided by law.

4 If a party or person in interest have been examined under this section, the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received.

Now, the *ten days' notice*, and the *points of examination*, apply only to the party or person in interest offering himself as a witness, on the original application, in his own behalf—not to the opposite party; the law admits him, of course, and at large upon all the issues, whether his examination is upon commission or otherwise.

*At Chambers, May* 14, 1857.

EXAMINATION of a party under amended section 399 of the Code.

HOFFMAN, Justice.   Order to show cause why a commission to examine the *defendant* on his own behalf, he being a resident of Chicago, should not issue.

Issue was joined in this action on the 30th of June, 1856, and the cause was noticed for trial for the present term. On the 6th of May, inst., the *plaintiff* gave the defendant's attorney notice that he intended to offer himself as a witness to

prove certain facts, which he specifies, and which are of importance to the issues. After this specification he adds: "4th, And to prove each and every allegation set forth in the complaint in this action."

On the 8th of May, the defendant obtained an order to show cause why a commission should not issue to Chicago, Illinois, for the examination of the defendant, as a witness in his own behalf in this action, upon interrogatories, in which the plaintiff should be at liberty to join.

The affidavit on which the commission is sought, is made by the attorney of the defendant. It states that, from the deponent's knowledge of the case, and communications with the defendants and others conversant with the facts involved, it is material and necessary that the defendant himself should be examined as a witness in his own behalf. That he cannot safely proceed to trial without the benefit of his testimony. That the defendant has fully stated his case to deponent, as he believes, and that he has a good and substantial defence on the merits.

The act of April 13th, 1857, (*chap.* 353,) under which this application is made, may be thus analyzed. It is the substitute of § 399 of the Code.

A party to an action or proceeding, and a party for whose immediate benefit a suit is prosecuted or defended, may be examined as a witness in his own behalf, the same as any other witness, in all cases except,

When the adverse party, or adverse person in interest, is not living; or, when the opposite party is an assignee, administrator, executor, or legal representative of a deceased person.

Ten days' notice, in writing, of such intended examination must be given to the adverse party, specifying the points upon which the party or person is intended to be examined.

But in special proceedings of a summary nature, such reasonable notice shall be given as shall be prescribed by the court or judge.

When notice of such examination is given, and the opposite party resides out of the jurisdiction of the court, such party

Burling agt. Ogden.

may be examined by commission, issued and executed as now provided by law.

If a party or person in interest have been examined under this section, the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received.

Two points have been raised by the counsel of the plaintiff in opposition to this motion. One, that ten days' notice should have been given. Another, that the points of the intended examination of the defendant should be specified.

I do not think either well taken. The defendant being a resident of Chicago, and the plaintiff having given notice that he intends to be examined in his own behalf, the examination of the defendant under a commission is expressly authorized.

An order to show cause, therefore, as well as a notice, is regular. The clause, therefore, as to the adverse party offering himself, when one party is examined, dispenses with the ten days' notice on the part of the former.

The specification of the points is only directed upon an original application of one of the parties to be examined in his own behalf. The law then appears to admit the opposite party as of course, and, I presume, at large upon all the issues. Besides, the interrogatories in the present case will furnish a guide to the points.

But it may be a question whether, if the plaintiff should not be called at the trial, the examination of the defendant, taken under the commission, could be read without ten days' previous notice of such examination, in form as prescribed by the rule. It may become then an original examination.

The defendant is entitled, however, at present, to his order.

Order for commission accordingly.