## SUPREME COURT.

JOHN FAIRBANKS agt. PATRICK TREGENT, Jr., and others.

" A party to an action or proceeding may be examined as a witness in his own behalf, the same as any other witness." (*Code*, § 399.)

The question is, does this clause, taken in connection with the rest of the section, authorize the examination of a non-resident party on his own behalf *on commission ?*

*Held* (before the amendment in 1859), that if a party wishes to be a witness in his own behalf, whether he resides within or without the jurisdiction of the court, he shall attend in person *on the trial,* unless the opposite party has seen fit, by his own act in giving notice of his own examination, to force him to be a witness; in which case, if a non-resident, he may be examined on commission. (*See* NOTE *at the end of the case.*)

*New-York General Term, January,* 1859.

THE defendant was a resident of the state of Michigan, and an application was made by him for the examination of him self and other non-residents of this state, on his own behalf. No notice of the intended examination of the plaintiff, at the trial, had been given, and it was insisted by him that, under such circumstances, a commission could not issue for the ex amination of the defendant on his own behalf. The judge at special term, in Kings county, granted the motion. After a change of venue to the city and county of New-York, an appeal to the general term was taken.

WM. TRACY, *for plaintiff.*
L. K. MILLER, *for defendants.*

By the court—ROOSEVELT, Justice. The Code provides that " a party to an action or proceeding may be examined as a witness, in his own behalf, the same as any other witness." As non-resident witnesses generally may have their testimony taken by commission, on written interrogatories and cross-interrogatories, without the necessity of personal attendance in court, it is insisted that, under the language above

quoted, the same rule applies to non-resident parties. It is undoubtedly true that the clause in which the above provision occurs contains no limitation as to non-residence, while it does contain certain other specific restrictions, namely : 1st. That " the adverse party, or person in interest," shall be " living ;" (although it is not perceived how a dead body can be an " adverse party or person)." 2d. That he shall not be the assignee or legal representative of a deceased person. 3d. That the party proposing to be examined shall give ten days' notice of such intended examination. And applying the argument deduced from the maxim of *expressio unius exclusio alterius*, it would seem to follow that a non-resident party, who wishes to be examined, need not for that purpose attend in person.

It is said, however, that a subsequent clause of the section in question overthrows this inference. That clause, on a careful perusal, will be found to be confined to the case of a party *receiving* a notice that his adversary intends to be examined, and not to be applied to the case of a party *giving* a notice that he himself means to be a witness. It provides that on receiving such notice of his adversary's intention to be examined (whether *viva voce* or on commission, seems immaterial), he may, if a non-resident, have his own examination taken by commission. But it is asked, and very pertinently, if it was intended, by the first clause, that a non-resident might in any event be examined on commission, why insert another clause that he might do so in the particular event of his adversary's being examined ?

The provision, in that view of the section, would be entirely superfluous. We are bound, however, to give it some effect if practicable. The only way of doing so is, to regard it as limiting still further the generality of the previous language. And so interpreting it, the result would be, and it certainly is not an objectionable result, that if a party wishes to be a witness on his own behalf, whether he reside within or without the jurisdiction, he shall attend in person and submit to an examination in the face of the court, unless the opposite party

Grant agt. Chester.

has seen fit, by his own act, to force him to be a witness. In which case, if a non-resident, he need not make a distant journey, but may have his testimony taken on written interrogatories and cross-interrogatories, to be settled and transmitted to him. This interpretation gives effect to all parts of the section, and merely requires the insertion in the first clause of the words " on the trial," which it is obvious were in the mind of the legislature, and are necessarily to be implied, in order to make the whole provision harmonious with itself, and reasonable in its operation. The first clause of the section, in that view, would read as follows: " A party to an action or proceeding may be examined (on the trial), as a witness in his own behalf, the same as any other witness."

Order appealed from, reversed without costs.

NOTE.—This case is reported 16 *How.* 187, where the opinion of Judge LOTT, given at the special term, will be found. The amendment to section 399 of the Code (see *Howard's Code, supplementary chapter*), which does away with the necessity of giving *notice* of the intended examination of a party, leaves Judge LOTT's opinion standing as good authority upon this question. The ground of difference in the foregoing opinion, to wit: the giving of notice, being obviated, it is fair to infer that the opinions of Judges ROOSEVELT and LOTT now agree.—(REPORTER.