## SUPREME COURT.

THADDEUS B. BIGELOW agt. JOEL MALLORY, survivor, &c.

A *party* may be examined as a witness on his own behalf on *commission*, the same as any other witness. (*This decision is adverse to that of Fairbanks agt. Tregent, ante, page* 258, *decided by the general term in the first district, and agrees with the opinion of Judge* LOTT *in that case, delivered at special term,* 16 *How.* 187.)

A defendant sued as *survivor* is " the adverse party or person in interest," within the meaning of § 399 of the Code. And this is so, although he had been fully indemnified against the result of the litigation by the deceased joint debtor.

*Albany General Term, March,* 1859.

HARRIS, GOULD and HOGEBOOM, *Justices.*

THIS is an appeal by the defendant from an order granted by Mr. Justice GOULD, allowing a commission to issue to examine the plaintiff as a witness in his own behalf.

The action is brought to recover the amount of a promissory note, and is pending in the supreme court of this state in Rensselaer county. The plaintiff resides in Wisconsin. Notice of his intended examination, and of the points to which he is to be examined, having been duly given, and circumstances shown making it probable that his personal attendance could not be procured at the trial, an application was made in the usual form for an order authorizing him to be examined on commission as a witness in his own behalf.

No objection is made to the regularity or sufficiency of the papers in other respects, but it is claimed that this is not a case where under the Code a commission can issue.

H. P. Hunt, *for defendant.*
Clarence Buel, *for plaintiff.*

By the court—Hogeboom, Justice.  The question presented in this case has been decided adversely to the plaintiff by the general term of the first district, reversing the decision of Justice Lott (*Fairbanks* agt. *Tregent,* 16 *How.* 187), authorizing a commission to issue under circumstances like the present— but the decision has been so recently made, and only during the pendency of this appeal, that it cannot be said to have passed into an authoritative precedent, and, as the question is of some interest as a point of practice, I think we may consider it on principle.

Two objections are made to the power to issue a commission :

1.  That the Code contemplates a personal examination only at the trial.

2.  That the adverse party, or person in interest, is not living.

1.  The question arises under section 399 of the Code, which provides that " a party to an action or proceeding may be examined as a witness in his own behalf, the same as any other witness."  The plaintiff is certainly a party to an action, and if he may be examined the *same* as any other witness, he may be examined on commission unless there is something in the residue of the section or of the Code negativing such a right. The language is intelligible and comprehensive, and should receive a liberal interpretation to accomplish the evident object of the legislature, which was, to enable parties to obtain the benefit of their own testimony in their own behalf.  No more particularity was necessary, for the language covers every customary mode of examining witnesses.  Nor, if we concede, as we must, the policy of taking the testimony of parties, does there seem any good reason why, if a party is out of the jurisdiction of the court, or sick, or necessarily absent, or unable to attend in person, the case should lose the benefit of his testimony any more than that of any other witness similarly situated.

Bigelow agt. Mallory.

The law has adopted other wise and abundant precautions to prevent fraud and imposition in reference to testimony taken conditionally or on commission, and in addition certain preliminaries must always be proved, before the evidence can be read at the trial.

I am unwilling, therefore, unless the context fairly requires it, to interpolate into the statute any words which shall give it a more restricted application. It is certainly true, that in some previous sections of the Code, enacted years before the present statute, express authority is conferred to examine adverse parties, either at the trial, or conditionally, or upon commission (§ 390 *to* 392); but this is by no means decisive, as it was language employed at a different time—by different persons—and may have been inserted out of more abundant caution. Redundancy is certainly not a new feature in statute law. Again, under section 397, authorizing co-defendants to be examined in behalf of each other, we have an express adjudication of this court authorizing a commission to issue, although the right to issue it, as under section 399, is gathered from the generality and comprehensiveness of the language employed, and not from finding any such word as " commission " in the section, for it is not there. (*Shufelt* agt. *Power*, 10 *How. Pr. Rep.* 288.) But it is said that inasmuch as a subsequent part of the section authorizes the adverse party, on receiving notice of such intended examination, to be " examined by commission, issued and executed as now provided by law," therefore the right to issue the commission is limited to the contingency just specified. This by no means follows as a necessary consequence, and we should be careful not to restrict too much the meaning of an unambiguous language, by an inference of legislative intent from the use of other expressions not necessarily in conflict with the natural reading of the terms first employed. I think there is a more probable and reasonable construction to be given to that part of the section now under consideration. It is this. That in the event of one party's giving notice of his intended examination, the opposite party, in case he be a non-resident, without the ten

days' notice, without specifying the points upon which he is intended to be examined, without further waiting the action of his adversary, may be examined by commission. This construction seems to be fortified by the residue of the same sentence, which provides that whenever one party has been examined under the provisions of this section, the other party may offer himself as a witness in his own behalf, and shall be so received. That is, he may so offer himself without previous notice and without specification of the points of his intended examination.

As to each of these cases, it is possible to observe that the provisions do not seem to be absolutely indispensable, for the party may always move in his own behalf in the first instance. Yet he may not wish to do so—he may not desire to be examined unless his adversary intends to be, nor to make public his defence to the action before the trial by taking his evidence under a commission, unless driven to such extremity by the action of his adversary. Further than this, as I read the statute, notice of such intended examination by one party, though delayed till a very few days before the trial, confers upon his non-resident adversary an absolute legal right to have his own testimony taken by commission—and to a consequent delay of the trial for that purpose. Evidence thus taken upon commission becomes subject like the evidence of other witnesses taken in a similar manner, to all substantial objections at the trial—and in addition, except where it is taken as rebutting testimony or in response to a notice received from the adverse party, to the additional objection that no notice of the examination, or of the points intended to be inquired of, has been given. These questions all come up properly at the trial, and thus obviate an objection which has been suggested to this construction of the statute, that there is no tribunal to settle these preliminary points, if the evidence is allowed to be taken on commission.

I think it may be inferred from the opinion of Mr. Justice HOFFMAN, in *Burling* agt. *Ogden* (14 *How. Pr. Rep.* 77), that these views are concurred in by him. I feel, therefore, relieved

Bigelow agt. Mallory.

from the necessity of giving to the clause first mentioned a narrower interpretation than is warranted by the terms employed, taken in their natural and usual acceptation.

2. It is also objected that the defendant Mallory is not " the adverse party or person in interest" within the meaning of this section, inasmuch as his original co-defendant, Mr. Hunter, is dead—and the latter had fully indemnified him against the result of the litigation. But I cannot agree to this construction of the statute. Mallory is certainly—in name at least— the *adverse party.* He is the only adverse party—that is, he is the only defendant. No other party has been substituted for Hunter, the deceased co-defendant, and Mallory represents the entire defence. He is also, notwithstanding his indemnity, in a very proper and emphatic sense, the adverse *person in interest.* He is responsible to the plaintiff, if unsuccessful, for the consequences of the litigation. He is liable to pay the judgment, if one is obtained. It would be frustrating the evident intent of the statute, if a party properly sued, because he represented the apparent and real interest, which the plaintiff was seeking to attack, could deprive his adversary of that adversary's own testimony, by taking an indemnity against the results of the litigation. Nor, looking at the equity of the statute, does it appear that Mallory is not as fully cognizant of all the facts to which Bigelow is to be examined, as Hunter himself ever was. The presumption is that he is so, and it is not therefore perceived why the testimony of the plaintiff may not be confronted on the trial with that of another living witness, and thus the object of the statute effectually accomplished.

I think, therefore, the order authorizing the commission should be affirmed, and if it be a case of doubt, I should still be disposed to affirm the order, as being less injurious than the opposite course, as I do not see why, notwithstanding our action here, the defendant may not renew the same objections, when the deposition of the plaintiff is offered in evidence on the trial of the cause.

GOULD, J., concurred.

HARRIS, J., dissented.