## MURPHY v. SULLIVAN.

(Monroe County Court. June 12, 1901.)

1. DEPOSITIONS—COMMISSION FROM JUSTICE COURT.
    Under Code Civ. Proc. § 2980, a justice court has power to issue a commission to take the deposition of a party to an action.

2. SAME—NECESSITY OF NOTICE.
    Code Civ. Proc. § 2982, authorizes a justice, without notice, at the time of the joinder of issue, to grant a commission to take a deposition. *Held* that, if the allowance on the trial of amendment to an answer setting up defense of payment is a joinder of issue, if plaintiff does not immediately, on the allowance of the amendment, apply for a commission, but rests till evidence is received, he is not entitled to the same without notice.

Appeal from municipal court of Rochester.

Action by D. Murphy against T. J. Sullivan. Judgment for defendant, and plaintiff appeals. Affirmed.

James G. Greene, for appellant.
James P. O'Connor, for respondent.

SUTHERLAND, J. The appeal was based upon the refusal of the municipal court to issue a second commission to take the testimony of the plaintiff, a resident of Fall River, Mass. The commission was asked for at the close of the defendant's case. The application was denied for want of power to grant it, and not as a matter of discretion. The action was commenced September 11, 1900, by service of the summons and verified complaint, upon which judgment was demanded for $26.66 for unpaid rent of a building in Fall River, Mass. A general denial was filed September 18th, on which day a commission was applied for to take the testimony of the plaintiff and his agent in Fall River. Defendant objected to the issuance of the commission to take the plaintiff's testimony, on the ground of want of power, under section 2980 of the Code of Civil Procedure, which objection was overruled, and the commission issued. The case came on for trial December 7th. Plaintiff's case was made by reading the depositions thus taken. Defendant then took the stand, and was asked about a conversation with plaintiff concerning the making of certain repairs on the premises, for which defendant claimed plaintiff agreed that he should be allowed credit on the rent. The conversation was objected to, and the defendant moved to amend the answer by pleading payment. Plaintiff's counsel objected to the amendment, on the ground that the plaintiff being absent from the trial, and no issue of this kind having been tendered before, it could not then be offered. The objection was overruled, and the motion to amend the answer granted, after which the defendant testified to an arrangement with plaintiff for the making of these repairs, and the expenditure by him of enough to offset the rent sued for. After he was examined, the defendant rested. Whereupon the return states:

"Plaintiff makes application for an adjournment of the case, and for a commission to take the testimony of the plaintiff upon the question of payment and counterclaim, which has been let in by the amendment of the defendant's answer. Application denied, on the ground that the court has not the power to grant it. Exception. Evidence closed."

December 14th the court rendered judgment dismissing the complaint, with costs.

The question has been argued on this appeal whether the municipal court has any authority, under section 2980 of the Code of Civil Procedure, to issue a commission to take the deposition of the plaintiff. It is urged by the respondent that such commission cannot be issued by a justice's court under that section to take the deposition of the plaintiff, a party not being included within the term "witness"; and in support of that argument reference is made to section 887 of the Code of Civil Procedure, applying to courts of record, in which it is said: "The applicant or any other party to the action may be thus examined." It is argued that, because the Code contains such a clause relating to courts of record, and there is no such clause relating to justice's courts, it must be held that justice's courts have no authority to issue a commission to take the testimony of a party to the action as a witness. It appears that this express permission to take the testimony of a party by commission was added to section 887 of the Code in 1879, because of some discussion which had arisen upon the point, and the legislature, from abundant caution, inserted the clause to do away with further dispute; but the adding of that amendment by no means compels us to hold that the word "witness" in section 2980 of the Code does not include a party to the action. Under section 828 of the Code of Civil Procedure, it is expressly provided that a party shall not be excluded from being a witness because he is a party to the action. The corresponding section of the Code of Procedure (section 398) was commented upon by the Albany general term. Hogeboom, J., in Bigelow v. Mallory, 17 How. Prac. 427, decided that in 1859, where it was held that, under the Revised Statutes, a commission could be issued to take the testimony of a party to the action, although the statute used the word "witness,"—the same term which is used in section 2980 of the present Code. Although Fairbanks v. Tregent, 17 How. Prac. 258, is an authority to the contrary, I believe Bigelow v. Mallory to be the better authority, and so hold that the municipal court has the authority, under these sections, to take the testimony of a party to an action.

Now the question arises whether, at the point where this second commission was applied for, the court had power to issue it, under the circumstances. Section 2982 says that commission may be granted by the justice, without notice, upon the return of the summons, or at the time of the joinder of issue, and it may also be granted at any time after the joinder of issue upon the application of either party, accompanied with proof by affidavit that six days' written notice of the application has been served upon the adverse party. And by section 2983, where a commission was granted on the application of the plaintiff, he is entitled to one or more adjournments of the

trial, to procure a commission to be executed and returned, not exceeding the length of time for which the trial might be adjourned upon the application of the defendant. The Code provision permitting the application to be made without notice at the time issue is joined would have allowed the plaintiff to apply for the commission at the time the motion to amend the answer and set up the plea of payment was made and granted. This introduces a new defense in the suit, and for the purpose of applying for the commission it could properly be said issue was then joined; and if the court had declined to issue the commission as one of the conditions on which amendment setting up the plea of payment was granted, it might have been such a denial of plaintiff's rights as to require a reversal of the judgment. But plaintiff did not apply for the commission at that time. He waited until the defendant had rested his case, and then made the motion. But, unless made at or before issue is joined, "the application must be made upon six days' written notice to the adverse party, served either upon the party or his attorney." It does not appear that the service of such notice was waived by the defendant in the case, nor was any application made to the justice to adjourn the trial for the purpose of permitting the service of such notice. The motion for the commission was made immediately on the close of the defendant's case, without service of affidavits or other papers, showing the necessity for a second commission on the ground of surprise. The issuance of such commission was not a matter of course at that stage of the case without the service of any notice, and without giving the defendant the opportunity to oppose it because sufficient ground had not been shown. The power of the court to issue a commission without notice was exhausted when the plaintiff permitted the amendment of the answer to go without applying then for a new commission.

In order to justify the reversal of this case for the refusal to issue a second commission, it should first appear that the appellant had brought himself, at the time the application was made and refused, within the terms of the statute authorizing the municipal court to issue such a commission; and because the application was not made at the time that issue was finally joined, and was made without previous notice, the judgment is affirmed, with costs.