(173 App. Div. 350)

PEOPLE ex rel. GAGAN v. PURDY et al., Board of Sup'rs.

(Supreme Court, Appellate Division, Second Department.   June 2, 1916.)

1. COUNTIES ⊜➞133—EXPENSES OF COUNTY OFFICERS—"COUNTY CHARGES."
    Under County Law (Consol. Laws, c. 11) § 240, subd. 16, designating
as "county charges" "the reasonable costs and expenses in proceedings
before the Governor for the removal of any county officer upon charges
preferred against him. including the taking and printing of the testi-
mony therein," the expenses for counsel fees and various disbursements
incurred by a district attorney of a county in defending himself against
charges filed with the Governor alleging his official misconduct, and
heard before a referee, and as result of such hearing dismissed, should
not, when presented to the board of county supervisors for allowance,
be rejected, as not constituting a "county charge."
    [Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 200, 201;  Dec.
Dig. ⊜➞133.
    For other definitions, see Words and Phrases, First and Second Series,
County Charges.]

2. STATUTES ⊜➞225¾—CONSTRUCTION—RE-ENACTMENT.
    A statute, which is but a re-enactment of a previous statute, is to be
considered, not as if it were an entirely new statute, but as a continu-
ance of the former one, with the same judicial construction, unless
there be apparent good reason to the contrary.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 306;  Dec. Dig.
⊜➞225¾.]

Certiorari by the People, on the relation of Thomas Gagan, against
Heman M. Purdy and others, as members of Board of County Super-
visors of Rockland County, to review the disallowance of relator's
claim.   Writ sustained, determination of respondents annulled, and
claim of relator remitted to the Board of Supervisors, to be audited on
the merits.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and
RICH, JJ.

Abram F. Servin, of Middletown, for relator.
E. W. Hofstatter, of Spring Valley, for respondents.

CARR, J.   [1] Charges were filed with the Governor of this state
against the relator, alleging official misconduct on his part as district
attorney of Rockland county.   A referee was appointed by the Gov-
ernor to hear the testimony.   The relator appeared by counsel before
the referee, and, as a result of the hearing of the testimony in prosecu-
tion and defense, the charges were dismissed.   The purpose of the
charges was to procure the removal of the relator from office as district
attorney.   The relator presented to the board of supervisors of Rock-
land county for audit and allowance a claim for his expenses for coun-
sel fee and various disbursements incurred by him in his defense.   That
claim was rejected by the board of supervisors by a resolution there-
of which recited that the claim was rejected, not upon the merits, but
upon the only ground that it did not constitute a county charge.   Sub-
division 16 of section 240 of the County Law designates as "county
charges":

⊜➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

"The reasonable costs and expenses in proceedings before the Governor for the removal of any county officer upon charges preferred against him, including the taking and printing of the testimony therein."

This provision of the County Law is a substantial re-enactment of a provision of the "supply bill" of 1874. Chapter 323 of Laws of 1874; page 388 of Session Laws. In that statute the Legislature made provision for the compensation and expenses of the counsel who had prosecuted certain charges made to the Governor against the sheriff of Clinton county, likewise for compensation of the county judge of said county, who had investigated said charges as referee upon the designation of the Governor, and likewise as to the expenses of the sheriff himself, against whom the charges were dismissed finally by the Governor. Immediately after making these provisions, and as a part of the same subject-matter, the statute provided as follows:

"Hereafter in all proceedings before the Governor for the removal of any county officer upon charges preferred against him, all the costs and expenses thereof, including those of taking and printing the testimony therein, shall be a county charge upon such county, and shall be audited and allowed by the board of supervisors of such county and be included in their next annual assessment roll made thereafter, and shall be assessed, levied and collected as other county charges, and paid over to the party or parties entitled thereto by the county treasurer thereof."

In People ex rel. Benedict v. Board of Supervisors, 24 Hun, 413, a claim had been presented to the board of supervisors of Oneida county, by the sheriff of said county, for his expenses in defending himself in certain proceedings taken before the Governor to procure the relator's removal from office as sheriff. The board of supervisors made a partial audit of the claim. The sheriff obtained a writ of mandamus requiring a complete audit. The proceeding was had under the provisions of the act of 1874, and, while there is no discussion in the opinion of the court whether the act of 1874 did apply to the expenses of a county officer in defending himself against charges made to the Governor to procure his removal from office, it appears to have been assumed by all the parties to the controversy that the act did apply, and the decision of the court proceeded accordingly.

Later, in People ex rel. Benner v. Board of Supervisors, 39 Hun, 442, the question arose as to whether the statute aforesaid authorized compensation, as a county charge, of an individual who had charge of the prosecution of certain charges before the Governor for the removal from office of the then district attorney of Queens county, and it was held that the statute did authorize the audit and allowance of compensation and proper disbursement to said individual. Barnard, J., writing for the court, said:

"The intent of that part of chapter 323, page 388, Laws of 1874, upon which the claim herein rests, is manifest from the appropriation which immediately precedes it."

In People ex rel. Nash v. Board of Supervisors, 164 App. Div. 89, 149 N. Y. Supp. 572, it was held that the reasonable expenses of certain residents of Onondaga county in prosecuting certain charges before the Governor for the removal from office of the sheriff of said county were proper county charges. There the proceeding was based

upon the provision of the present County Law, which, as before stated, is but a re-enactment of the specific provision of the statute of 1874. In the case last cited, the Appellate Division (Fourth Department) affirmed upon the opinion of former Judge Vann, who sat as referee in the proceeding. In his opinion the referee said, passim:

"It is to be observed that the statute does not authorize payment of the reasonable expenses of defending, but only of prosecuting a public officer."

This question, however, was not before the court for decision in that case. The observation was purely obiter. In view of the great distinction of the referee, the observation is entitled to careful consideration, particularly so as it relates to the turning point of decision in the case at bar.

[2] As the present statutory provision is but a re-enactment of the provision in the statute of 1874, it is not to be considered as if it were an entirely new statute, but as a continuance of the former one. The same interpretation is to be given to it as it was judicially construed or interpreted as it stood originally, unless there be apparent good reason to the contrary. We see no good reason why the statement of Barnard, J., in People ex rel. Benner v. Board of Supervisors, ut supra, should not be adopted as sound with regard to the original statute. It seems to us that there is nothing in the language of the statute as it now stands that requires any different interpretation as to the legislative intent. The precise question now before us was considered in Gavin v. Board of Supervisors, 93 Misc. Rep. 264, 157 N. Y. Supp. 973, by Chester, J., in a well-considered opinion, where it was held that the section of the present County Law, here in question, authorized an audit, by the board of supervisors, of a claim by a county officer for his expenses in defending himself against charges before the Governor for his removal from office. We are of opinion, therefore, that the board of supervisors of Rockland county was in error in rejecting as a matter of law the claim of Mr. Gagan, without considering its merits upon the facts. Nor are we impressed by the argument of counsel that if the statute be construed to make Mr. Gagan's claim a county charge, it will render the statute, as so construed, unconstitutional.

Much reliance is placed by counsel upon the decision of the Court of Appeals in Chapman v. City of New York, 168 N. Y. 80, 61 N. E. 108, 56 L. R. A. 846, 85 Am. St. Rep. 661. In that case, the question was as to the constitutionality of a statute which attempted to create a legal charge against a municipality for the expenses of a public officer in defending himself successfully against charges which would require his removal from office if sustained, but it had reference to past proceedings and attempted to give a right which had not existed at the time the charges were heard and determined. Chapter 700 of the Laws of 1899. The theory of that decision was that the act, then in question, being retrospective in its nature, was equivalent to a grant of the public moneys of a municipality in aid of a private individual. The act now in question is not retrospective. It is purely prospective, and lays down a rule as to cases arising after its enactment and not before it. It is similar to the provisions of the Greater New York Charter

(chapter 466 of the Laws of 1901), as considered in Matter of Kane v. McClellan, 110 App. Div. 44, 96 N. Y. Supp. 806, followed in Matter of Deuel v. Gaynor, 141 App. Div. 630, 126 N. Y. Supp. 112. This court, in its decision in the Matter of Kane v. McClellan, ut supra, did not overlook the Chapman Case, as the learned counsel for the respondents suggests in his brief. On the contrary, it considered it fully, and that decision was rendered accordingly, on the theory that the Chapman Case had no application.

The writ of certiorari should be sustained, and the determination of the board of supervisors of Rockland county should. be annulled, with $50 costs and disbursements, and the claim of the relator is remitted to said board of supervisors, to be audited on the merits. All concur.