LEONARD WINDHEIM, Respondent, *v.* LAFAYETTE HOTEL COMPANY, Defendant, and VAN DYKE BLACK AND WHITE TAXI COMPANY, Appellant.

(Supreme Court, Erie Special Term, November, 1921.)

Depositions — City Court of Buffalo — parties — Laws of 1909, chap. 570, § 56 (as amended by Laws of 1915, chap. 188), § 115 — Code Civ. Pro. § 2980.

    Statutory provisions relating to the taking of depositions of witnesses, in the absence of specific provision to the contrary, are applicable to all witnesses whether they are parties to the action or not.

Section 56 of the statute establishing the City Court of Buffalo (Laws of 1909, chap. 570, as amended by Laws of 1915, chap. 188) relates to practice and the regulations thereof and must be read in connection with section 115 of said statute, which relates to jurisdiction.

The Code provisions relating to the taking of depositions in Justices' Courts making no distinction between witnesses who are parties and other witnesses, and the jurisdiction of courts of justices of the peace and of said justices having been specifically granted to the City Court of Buffalo, by section 115 of the statute creating said court, a party to an action in said court is a witness within the meaning of said section.

An order granted in an action brought in the City Court of Buffalo, under section 2980 of the Code of Civil Procedure relating to the taking of depositions for use in Justices' Courts, made applicable by section 115 of the statute creating said court, directing that a commission issue to take the deposition of the plaintiff, a resident of Brooklyn, N. Y., as a material witness, will be affirmed.

APPEAL by defendant from order of City Court of Buffalo directing the issuance of a commission on behalf of plaintiff to take plaintiff's deposition as a material witness.

J. Francis Harter, for plaintiff.

Franklin R. Brown, for Van Dyke Black and White Taxi Company.

SEARS, J.    This is an appeal by the defendant, Van Dyke Black and White Taxi Company, from an order of the City Court of Buffalo, directing the issuance of a commission at the instance of the plaintiff to take the deposition of the plaintiff as a material witness, residing at Brooklyn, N. Y., under section 2980 of the Code of Civil Procedure.    The appellant bases its contention on the provision of section 56 of the act establishing the City Court of Buffalo, being chapter 570 of the Laws of 1909, as amended by chapter 188 of the Laws of 1915, which reads as follows: " The

provisions of the code of civil procedure and rules
and regulations of the supreme court as they may be
from time to time, shall apply to the city court of
Buffalo as far as the same can be made applicable
and are not in conflict with the provisions of this act;
in case of such conflict this act shall govern.''

Under the quoted provision the appellant contends
that section 870 and the following sections of the Code
of Civil Procedure, in relation to the taking of the
deposition of a party, are applicable to actions and
proceedings in the City Court, and that, as the con-
ditions of such Code sections were not met, the order
was erroneously granted.  The respondent, on the
other hand, contends that this commission was duly
ordered under section 2980 of the Code of Civil Pro-
cedure, relating to the taking of depositions of wit-
nesses for use in Justices' Courts, made applicable
to the City Court of Buffalo by section 115 of the act,
to establish the City Court of Buffalo, reading: '' In
addition to the jurisdiction hereinbefore specifically
conferred upon the city court of Buffalo, the said
court and the judges thereof shall have all the juris-
diction heretofore vested in and possessed by the
municipal court of Buffalo, the police court, *the courts
of the justices of the peace, or the judges and justices
thereof, except as herein otherwise expressly
provided.*''

Section 56 relates to practice and practice regula-
tions.  Section 115 relates to jurisdiction.  The ques-
tion then sharply arises whether the provisions in
relation to taking depositions relate to practice or
jurisdiction.  The Code of Civil Procedure and the
present Civil Practice Act permit discovery and the
taking of depositions by a proceeding in an action,
although some of the rights thus enforced were for-
merly enforced in independent actions, and while now,

in a great majority of cases, the relief is subsidiary to the main relief sought, it is a fair construction to rule that all such matters relate to jurisdiction, rather than practice. Authority is not wanting for this view. In *Becker* v. *Schully,* a similar appeal came before the Special Term in this county. There the order which had been granted by the City Court directed an inspection of personal property of the plaintiff at the instance of the defendant. Mr. Justice Laing, in an opinion which has not been published, said: " Section 56 must be read with these provisions in mind (the jurisdictional provisions of the City Court Act, itself). They preclude the idea that additional jurisdiction is to be inferred from language like that used in section 56. The authority conferred by sections 803 to 809 of the Code is important and its exercise is there hedged about by various restrictions. These sections constitute the whole of an article of the Code. That article cannot be transferred to the City Court Act by language like that used in section 56. There is ample scope for the operation of the words there found without applying them to sections 803 to 809 of the Code. The better construction of section 56 is that it was not intended to confer additional jurisdiction either as to actions and proceedings, or as to proceedings in actions, but to matters of practice in actions and proceedings, and proceedings in actions, jurisdiction of which is specifically conferred by other sections of the City Court Act."

A similar question arose under the Municipal Court Code of New York city in *Mitchell* v. *Schroeder,* 94 Misc. Rep. 270; affd., 174 App. Div. 857, on the opinion below. Mr. Justice Lehman, in the course of the opinion, said: " It seems to me that the only reasonable construction of the Municipal Court Code is that the legislature intended to give to the Municipal Court

no powers not expressed or by fair implication given by said Code, and that only those sections of the Code of Civil Procedure are applicable to the Municipal Court which fall within the language of section 15 of the Municipal Court Code, *i. e.*, those sections of the Code of Civil Procedure which cover matters of practice, pleadings, forms and procedure in the exercise of the powers otherwise expressly or impliedly granted to the Municipal Court. The only question that remains is whether an order of examination is such a matter of practice or procedure. * * * The right to an order of examination, I think, cannot strictly be considered as a matter of practice or procedure in an action; it is a right given to a party in the action by statute, and, though the order is obtained in the action and not in a special proceeding, yet that order can be made only by virtue of the power conferred by statute, and is not merely a matter of practice or procedure of the court in the action. In other words section 873 of the Code of Civil Procedure does not regulate or alter or determine the practice or procedure of the court but confers a new power upon a judge of the court.'' See to the same effect *Scheidlinger* v. *Silber,* 174 App. Div. 887.

The jurisdiction of the courts of justices of the peace and of the justices of that court being specifically granted to the City Court of Buffalo by section 115 of the City Court Act quoted above a further question arises, namely, whether a party is a witness within the meaning of that section. In the provisions relating to the taking of depositions in Justices' Courts, there is no distinction between witnesses who are parties and other witnesses. The rule abrogating the ancient common law and permitting a party to be sworn as a witness (see Code Civ. Pro.

§ 828) is now firmly established in our jurisprudence. In the absence of specific provisions in relation to the taking of depositions of parties, sections relating to the taking of depositions of witnesses are obviously applicable to all witnesses, whether parties or not parties. *Murphy* v. *Sullivan,* 77 N. Y. Supp. 950.

The order appealed from is affirmed, with ten dollars costs.

Order affirmed, with costs.