A. D. DEEMER FURNITURE COMPANY, Respondent, *v.* G. H. POPPENBERG, INC., Appellant.

Supreme Court, Erie County, April 20, 1926.

Courts — Buffalo City Court — jurisdiction — rules of Civil Practice, rule 113, permitting proof by affidavit is in conflict with provisions of Buffalo City Court Act (Laws of 1909, chap. 570) — Buffalo City Court has no power to grant summary judgment.

The City Court of the City of Buffalo is without power to grant an application for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, for the reason that said rule, which permits judgment upon affidavits, is in conflict with the provisions of the Buffalo City Court Act (Laws of 1909, chap. 570). Moreover, section 37 of said act providing that a judgment shall not be rendered unless plaintiff proves his case, means proof other than by affidavit.

APPEAL by the defendant from a summary judgment granted by the City Court of Buffalo.

*Paul V. Sheehan*, for the appellant.

*Wilbur B. Grandison*, for the respondent.

HINKLEY, J. This appeal requires a determination of the right of the City Court of Buffalo to render summary judgment.

Section 56 of the City Court Act (Laws of 1909, chap. 570, as amd. by chap. 142 of the Laws of 1922) is as follows:

" § 56. Civil practice act, rules of supreme court applicable; when. The provisions of the civil practice act and rules and regulations of the supreme court as they may be from time to time, shall apply to the city court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

Were it not that rule 113 of the Rules of Civil Practice is in conflict with the City Court Act, the same reasons which prompted the court to sustain summary judgment in the Municipal Court

of New York city where no conflict in statute arises, would impel this court to sustain summary judgment in the City Court of Buffalo. (*Ritz Carlton Restaurant & Hotel Co.* v. *Ditmars*, 203 App. Div. 748.)

Sections 37, 38, 39 and 42 of the City Court Act provide exactly and definitely how judgments in that court shall be rendered. Judgment may be rendered in accordance with those sections by confession, nonsuit, discontinuance or withdrawal or a verdict of a jury, and in all cases where a defendant is in custody at the close of the trial.

When defendant fails to answer a verified complaint, the court shall enter judgment for the plaintiff without further proof.

Section 42 of the City Court Act is as follows: " Upon the issue of fact joined if a jury trial be not demanded, * * *, the court must hear the evidence, and decide all questions of fact and law, and render judgment accordingly * * *. All issues of law shall be heard and decided by the court, without a jury."

Section 37 of the City Court Act also provides: " In all cases not hereinbefore provided for *judgment shall not be rendered unless plaintiff proves his case.*"

The last sentence quoted can be interpreted to mean only the submission of evidence before the court and not by affidavit as provided in rule 113 of the Rules of Civil Practice.

Section 56 of the City Court Act relates only to practice and procedure, and does not give added jurisdiction. (*Windheim* v. *Lafayette Hotel Co.*, 117 Misc. 113.)

No attempt has been made by the Legislature to make the City Court Act of Buffalo conform to the drastic and extensive changes of the Code of Civil Procedure to the Civil Practice Act and Rules, except to change the word " Code " to " Civil Practice Act " in chapter 142 of the Laws of 1922.

The City Court Act still provides for demurrer (§ 31), which was abolished by the Civil Practice Act (§ 277), although still retained in the Justice Court Act (§ 131) the jurisdiction of which Justices' Courts was vested in the City Court of Buffalo by section 115 of the City Court Act.

The only remedy against a defective pleading in an action brought in the Municipal Court of Buffalo is a demurrer. (*Humble* v. *McDonough,* 5 Misc. 508.)

The City Court of Buffalo is an important tribunal, representative of a great and constantly increasing municipality. Its jurisdiction is being constantly extended. The class of litigation upon which it passes, although limited in amount, is of great moment to its litigants. In the great majority of its determinations it becomes practically like all trial courts, a court of last resort.

The difficulty of procuring a new amendment to the City Court Act to conform to each change in the Civil Practice Act, Rules and Justice Court Act, are an adequate reason for sections 56 and 115 of the City Court Act. Whenever drastic changes in court practice in the higher courts are made, such as summary judgments and declaratory judgments, legislative changes should be made in the City Court Act rather than that the City Court should proceed in conflict with the City Court Act which gives it jurisdiction.

Judgment of the lower court reversed, with costs.