CONTINENTAL PURCHASING Co., INC., Appellant, v. NELLIE WOODWORTH, Intended to Represent the Widow of FRANK WOODWORTH, Respondent.*

Fourth Department, December 6, 1933.

*A. M. Newman*, for the appellant.

*Smith, Kendall & Magavern* [*Walter A. Kendall* of counsel], for the respondent.

LEWIS, J. This appeal involves an interpretation of the Buffalo City Court Act (Laws of 1909, chap. 570, as amd.). The question is presented whether a defendant, who is sued in the City Court of Buffalo by a foreign corporation, can require security for costs.

* Affd., 148 Misc. 887.

If so, in the event of non-compliance with the court's order to that effect, has the court power to dismiss plaintiff's complaint?

The City Court Act of Buffalo contains no provision which expressly authorizes the City Court to require security for costs of a foreign corporation as plaintiff. We conclude, however, that such power is acquired by reference in the act to other statutes.

Section 56 of the City Court Act (as amd. by Laws of 1922, chap. 142) provides:

" § 56. Civil Practice Act. Rules of Supreme Court applicable; when. The provisions of the Civil Practice Act and rules and regulations of the Supreme Court as they may be from time to time, shall apply to the City Court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern."

Following the direction of the statute quoted above we find that section 1522 of the Civil Practice Act provides in part: " The defendant in an action brought in a court of record may require security for costs to be given:

" A. Where the plaintiff, when the action was commenced, either was

" 1. * * *

" 2. A foreign corporation; or

" 3. * * *."

Concededly the City Court of Buffalo is not a court of record. From that fact the appellant argues that section 1522 of the Civil Practice Act, which applies only to " an action brought in a court of record," does not authorize the City Court to require security for costs from a foreign corporation. That conclusion might be sound were it not for the express language of section 56 of the City Court Act (quoted in full above) which provides in part that " the provisions of the Civil Practice Act * * * shall apply to the City Court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act." There is no conflict between the City Court Act and the Civil Practice Act in this particular matter. The fact that the local act is silent upon the subject creates no conflict; but, on the contrary, makes more certain the application of section 1522 of the Civil Practice Act.

As a further aid to construction it may be noted that the Civil Practice Act became a law by chapter 925 of the Laws 1920. Thereafter, by chapter 142 of the Laws of 1922, section 56 of the City Court Act was re-enacted with the single amendment which substituted the phrase " Civil Practice Act " for " Code of Civil Procedure." Invoking the rule that the re-enactment of a statute

is declaratory of a continuance of the legislative intent expressed in the prior act (*People ex rel. Gagan* v. *Purdy,* 173 App. Div. 350, 353), we conclude that although section 1522 of the Civil Practice Act is limited generally to courts of record, it was made applicable to actions in the City Court of Buffalo by the subsequent re-enactment of section 56 of the City Court Act in 1922.

We, therefore, rule that the City Court of Buffalo has the power to require security for costs of a foreign corporation as plaintiff. In the event of the failure of such a plaintiff to comply with the court's order to that effect, the complaint may be dismissed upon defendant's motion. (Civ. Prac. Act, § 1529.)

It follows that the order from which appeal is taken should be affirmed, with costs.

All concur.

Order affirmed, with ten dollars costs and disbursements.