In the Matter of the Application of ADOLPH M. NEWMAN for a Mandamus Order against PIUS L. SCHWERT, County Clerk of Erie County, Respondent.

Supreme Court, Erie County, January 11, 1936.

*A. M. Newman,* for the petitioner.

*Jacob Tick, Deputy County Attorney,* for the respondent.

HINKLEY, J.   This is an application for a peremptory order of mandamus requiring the respondent to accept a certain transcript of judgment from the City Court of Buffalo.

The respondent objects to the transcript upon the ground that it does not conform to section 40 of the City Court Act in that indorsed thereon is an assignment of the judgment.   It is suggested that the genesis of this application is that if the judgment is assigned while it remains a City Court judgment alone and before transcript there is no fee required for filing, whereas, if assigned after transcript the respondent is entitled to a fee of twenty-five cents for filing the assignment.   There is no criticism of either the petitioner or respondent in the above statement because the City Court is an inferior court and the respondent's compensation is a salary and his interest in fees is in accordance with his duty to protect the revenue of the county.

However, the question raised transcends in importance any such consideration and emphasizes the importance of the substitution of a carefully framed City Court Act in place of the decidedly crude

one now in force. (Buffalo City Court Act [Laws of 1909, chap. 570], as amd.)

The City Court is not a court of record, and two blanket sections must be borne in mind. The first concerns jurisdiction and not procedure:

" § 115. Additional jurisdiction. In addition to the jurisdiction hereinbefore specifically conferred upon the city court of Buffalo, the said court and the judges thereof shall have all the jurisdiction heretofore vested in and possessed by the municipal court of Buffalo, the police court, the courts of the justices of the peace, or the judges and justices thereof, except as herein otherwise expressly provided."

The second section concerns practice and not jurisdiction:

" § 56. Civil Practice Act, rules of Supreme Court applicable; when. The provisions of the Civil Practice Act and rules and regulations of the supreme court as they may be from time to time, shall apply to the city court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act; in case of such conflict this act shall govern." [Amd. by Laws of 1922, chap. 142.]

Authoritative decision requires that both sections be strictly followed, and it remains for judicial sanction and direction in each case to determine which provisions of the Civil Practice Act and rules and regulations of the Supreme Court can be made applicable to the City Court and are not in conflict with the City Court Act.

" Concededly the City Court of Buffalo is not a court of record. From that fact the appellant argues that section 1522 of the Civil Practice Act, which applies only to ' an action brought in a court of record,' does not authorize the City Court to require security for costs from a foreign corporation. That conclusion might be sound were it not for the express language of section 56 of the City Court Act [quoted in full above] which provides in part that ' the provisions of the Civil Practice Act * * * shall apply to the City Court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act.' There is no conflict between the City Court Act and the Civil Practice Act in this particular matter. The fact that the local act is silent upon the subject creates no conflict; but, on the contrary, makes more certain the application of section 1522 of the Civil Practice Act." (*Continental Purchasing Co., Inc.,* v. *Woodworth,* 239 App. Div. 638, at p. 639.)

The right to assign judgments did not exist in the common law, but has been specifically prescribed by statute in this State. " A judgment for a sum of money, or directing the payment of a sum of money, recovered upon any cause of action, may be transferred." (Pers. Prop. Law, § 41, subd. 2.)

There is apparently no method of procedure provided for by the City Court Act for the record of assignments of judgments.

Section 539 of the Civil Practice Act is as follows:

" § 539. Entry of assignment of judgment. Upon the presentation to the clerk of a court of record, of an assignment of a judgment, wholly or partly for a sum of money or directing the payment of a sum of money, entered in his office, executed by a person entitled to satisfy the judgment, as prescribed in section five hundred and thirty of this act, and otherwise executed as prescribed in that section, with respect to a satisfaction-piece, and upon payment of the fees allowed by law for filing a transcript and docketing a judgment thereupon, the clerk must forthwith file the assignment in his office and make upon the docket of the judgment an entry of the fact and of the day of filing; or, if he keeps a separate book for the entry of assignments, an entry referring to the page of the book where the filing of the assignment is noted."

In the light of the decision above quoted and the statutory authority for the assignment of judgments above quoted, section 539 of the Civil Practice Act is not in conflict with the City Court Act and can and must be made applicable to that act.

Section 40 of the City Court Act provides as follows:

" § 40. Transcript of judgment. Any clerk of the court, on the demand of a party in whose favor judgment shall have been rendered, shall give a transcript thereof, stating the names of the parties, plaintiff and defendant, the date of the rendition of the judgment, in whose favor rendered, the amount thereof, the date of issue of such transcript, the name of the attorney, if any, who appeared for the party in whose favor the judgment was rendered, which may be filed and docketed in the office of the clerk of Erie county, if presented to such clerk within twenty years after the date of the rendition of such judgment; the time of the receipt of the transcript by said last named clerk shall be noted thereon and entered in his docket, and from that time the judgment shall be a judgment of the county court."

Granting to the City Court of Buffalo the right to enter assignments under the Civil Practice Act upon the docket of the court, there can be no force to the contention that the clerk should not enter upon the transcript whatever may appear upon the docket concerning the judgment irrespective of whether the form of the transcript as provided in section 40 of the City Court Act includes the entry of an assignment or not.

Order of peremptory mandamus granted, without costs.