Henry J. Strot, Plaintiff, *v.* John G. Stork, Defendant.

Supreme Court, Special Term, Erie County, April 7, 1936.

*Charles A. Drefs, Jr.,* for the plaintiff.

*Alan Lindsay Oastler,* for the defendant.

Swift, J.  The frequent recurrence before this court of the single question involved in this appeal shows a continued dissatisfaction with the existing law, and it seems strange that this desire for a change has not been brought home to the Legislature.

It has been held in more than one case that the City Court of Buffalo has no jurisdiction to order an examination of a party before trial. (*Windheim* v. *Lafayette Hotel Co.*, 117 Misc. 113.)

Appellant here contends that these former cases have been overruled by *Continental Purchasing Co., Inc.*, v. *Woodworth* (239 App. Div. 638). In that case it was held that the City Court might order plaintiff to give security for costs despite the fact that section 1522 of the Civil Practice Act by its terms is limited to " courts of record." The court pointed out that section 56 of the Buffalo City Court Act (Laws of 1909, chap. 570) makes the provisions of the Civil Practice Act " apply to the City Court of Buffalo as far as the same can be made applicable and are not in conflict with the provisions of this act," and it held that section 1522 of the Civil Practice Act which provides for security for costs can be made applicable to and is not in conflict with the City Court Act. By a parity of reasoning appellant argues that section 288 of the Civil Practice Act providing for examination before trial should apply to the City Court despite its limitation " to courts of record," because it can be made applicable to and is not in conflict with the City Court Act.

The fallacy in this reasoning, it seems to me, lies in the fact that the *Continental Purchasing Co.* case had to do with a provision of the Civil Practice Act relating to practice, while section 288 of that act confers an additional jurisdiction upon courts of record. In its opinion the court makes no mention of this distinction, but it needs no argument to show that the right to require security for costs involves no jurisdictional question but simply one of practice. The power to order an examination before trial, however, depends upon the jurisdiction of the court. This is shown by the history of the action for discovery which was commenced by a bill in equity. In his Commentaries, Blackstone, animadverting upon the lack of jurisdiction of the courts of law to compel a discovery, says (Book III, p. 382): " And, as this evidence may be finally obtained, and produced on a trial at law, by the circuitous course of filing a bill in equity, the want of an original power for the same purposes in the courts of law is liable to the same observations as were made on the preceding article." To Blackstone it seemed " the height of judicial absurdity, that in the same cause, between the same parties, in the examination of the same facts, a discovery by the oath of the parties should be permitted on one side of Westminster-Hall, and denied on the other." Professor Pomeroy states (Eq. Juris. § 192): " The auxiliary jurisdiction to compel discovery alone without relief, in aid of proceedings at law, was somewhat later in its origin, but still was exercised at an early day."

The Legislature has defined the jurisdiction of the City Court, and it is not for this court to enlarge that jurisdiction. " It is a clear and salutary principle, that inferior jurisdictions, not proceeding according to the course of common law, are confined strictly to the authority given them. They can take nothing by implication, but must show the power expressly given them in every instance." (*Jones* v. *Reed*, 1 Johns. Cas. 20.) The present power of courts of record to order an examination of a party is given by the Civil Practice Act. That power has not been expressly given to the City Court.

In the unreported case of *Kreiss* v. *Weafer*, Mr. Justice LARKIN held that section 306 of the Civil Practice Act, providing for a physical examination of a party, did not apply to the City Court because that section was not one which " covers merely a matter of practice, but that it is one which defines the jurisdiction of the court." This case was affirmed (232 App. Div. 718). An appeal was granted to the Court of Appeals but before argument the City Court Act was amended by adding section 33-a, and it is interesting to note that the last sentence of that section provides: " The order for such physical examination, upon the application of the defendant, may also direct that the testimony of such party be taken by deposition *pursuant to this article*." At first blush it might seem that the power to examine a party was here given, but article II of the City Court Act makes no provisions for such deposition, and it becomes obvious that this contradiction in the act is due to the carelessness of the draftsman who simply lifted section 306 of the Civil Practice Act where the words " pursuant to this article " had a meaning, and placed it in the City Court Act where the words have no meaning.

I can think of no reason why the City Court should not have jurisdiction to order examinations of parties before trial, but I believe that the grant of that jurisdiction should come from the Legislature which it seems to me has already shown its willingness to make the grant if asked.

The order of the City Court is affirmed, without costs.