Louis M. Greenblott, J.
This is an appeal by the plaintiff from an order dated January 2, 1963 by the City Judge of the *908 City Court of Binghamton directing an examination before trial of the plaintiff.
Appellant contends that section 288 of the Civil Practice Act does not apply to the Binghamton City Court Act and that the court had no jurisdiction to grant such an order. Section 288 provides, in part: “ Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action.” (Emphasis supplied.)
It is the appellant’s contention the express reference to an action “ in a court of record” means that the section cannot be made applicable to courts not of record. The Binghamton City Court is not a court of record. See section 1 of the Binghamton City Court Act (L. 1950, ch. 370).
The respondent contends that section 288 of the Civil Practice Act was made applicable to the Binghamton City Court Act by the provisions of section 16 of the Binghamton City Court Act enacted by the New York State Legislature in 1950 (ch. 370). This section provides: “ a. The provisions of the civil practice act and the rules of civil practice, notwithstanding express reference by name or classification therein to any other court, shall apply to the city court as far as the same can be made applicable and are not in conflict with the provisions of this act.”
There have been several reported cases on this subject, none, however, concerned with statutory language such as exists in the present Binghamton City Court Act. The first case, Windheim v. LaFayette Hotel Co. (117 Misc. 113) was decided in 1921. It held that under the Buffalo City Court Act there was no right to an examination before trial. A few years later, in 1936, the Supreme Court reiterated the ruling in the Windheim case. (See Strot v. Stork, 158 Misc. 906.) In the Strot case, the court made a distinction between provisions of the Civil Practice Act relating to practice and those provisions which confer additional jurisdiction. The court stated that in matters solely concerned with practice the City Court of Buffalo may follow the Civil Practice Act. However, should the matter involve an increase in the jurisdiction of the court, the grant of jurisdiction must come expressly from the Legislature. The court concluded that the power to order an examination before trial depends upon the jurisdiction of the court (p. 907) and found no such jurisdiction under the provisions of the Buffalo City Court Act.
*909 This court is in agreement with the general rule of law as enunciated by the court in the Strot case, but disagrees in the conclusion that examinations before trial are matters of jurisdiction and not practice. In our opinion, matters of examinations before trial are matters of practice and are not jurisdictional in nature.
An examination of the Buffalo City Court Act as it then existed and a comparison of it with the present Binghamton City Court Act reveals that section 16 of the present Binghamton City Court Act contains identical language, except that the Binghamton City Court Act has inserted the words “ notwithstanding express reference by name or classification therein to any other court.” The addition of these words are, in the opinion of this court, essential to the solution of the problem.
It is of interest to read the preface to -the Binghamton City Court Act. This was the explanation by the Broome County Bar Association, through its then president, of one of the principal changes from the old act. These changes are embodied in section 16 and are the words I have just quoted. Section 16 also contains the additional language: “ c. The city court, within the limits of its jurisdiction, is vested with all the powers possessed by the county court in like causes. ”
The Bar committee, in proposing the change in section 16, made the following comment: “ The new section makes unnecessary detailed provision in the present Act patterned on the Civil Practice Act and the Rules of Civil Practice, or incorporating the same by reference.” (See preface to Binghamton City Court Act.)
It is the opinion of this court that the draftsmen of the Binghamton City Court Act of 1950 intended that the language of section 16 should make applicable to the Binghamton City Court Act all provisions of the Civil Practice Act and Rules of Civil Practice as far as the same can be made applicable and are not in conflict with the provisions of the Binghamton City Court Act. There is, obviously, no other provision of the Binghamton City Court Act which might be in conflict with section 288 of the Civil Practice Act. It is, therefore, the opinion of this court that section 288 of the Civil Practice Act is applicable to the Binghamton City Court Act and that examinations before trial may be permitted in proper cases by the City Court of Binghamton.
This court is of the opinion, also, that this ruling is in line with the ever increasing trend toward liberalization of discovery. The order of the Binghamton City Court is, therefore, affirmed.