■   H. EARL BOGERT, Appellant, v. PHILIP R. HERRICK et al., Respondents. — Appeal by plaintiff from an order of the Broome County Court which affirmed an order of the Binghamton City Court directing that plaintiff be examined before trial as an adverse party pursuant to section 288 of the Civil Practice Act and section 16 of the Binghamton City Court Act (L. 1950, ch. 370). The only issue is whether the Binghamton City Court has power to order the examination of a party before trial. Section 288 of the Civil Practice

Act authorizes such an examination of "Any party to an action in a court of record". Appellant contends that inasmuch as the Binghamton City Court is not a court of record the words "in a court of record" contained in section 288 render the section wholly inapplicable to the Binghamton City Court. However, other legislative enactment clearly makes section 288 applicable to the Binghamton City Court. Section 16 of the Binghamton City Court Act (L. 1950, ch. 370) provides, in part: "a. The provisions of the civil practice act and the rules of civil practice, notwithstanding express reference by name or classification therein to any other court, shall apply to the city court as far as the same can be made applicable and are not in conflict with the provisions of this act." Section 16 of the Binghamton City Court Act was taken verbatim from section 23 of the proposed "Uniform City Court Act" recommended by the Judicial Council. The framers of section 23 of the Uniform City Court Act intended to make the provisions of the Civil Practice Act and the Rules of Civil Practice applicable to City Courts without the necessity of enumerating the provisions made applicable section by section. (See Eighth Annual Report of New York Judicial Council [1942], pp. 41–43, 265–321.) Thus it is clear from sources outside the statute itself that the intention of the framers was to make the provisions of the Civil Practice Act applicable to City Courts, but the language of the statute itself is subject to no other interpretation. Section 16 of the Binghamton City Court Act makes the provisions of the Civil Practice Act applicable to the Binghamton City Court "notwithstanding express reference by name or classification therein to any other court". This language is crystal clear and renders the provisions of the Civil Practice Act applicable to the Binghamton City Court, including section 288, notwithstanding the words "in a court of record" contained therein. Hence the Binghamton City Court had the power to order the examination of the plaintiff before trial. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ. [37 Misc 2d 907.]